**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

_____

**In re:**

VICKI ARLENE DOUGAN,

|  **Bankruptcy Case**
|  **No. 04-40747**

**Debtor.**

_____

**MEMORANDUM OF DECISION**

_____

**Appearances:**

> Stephen A. Meikle, ADVANTAGE LEGAL SERVICES, Idaho
> Falls, Idaho, Attorney for Debtor.

> Craig W. Simpson, SIMPSON & GAUCHAY, Idaho Falls, Idaho,
> Attorney for Trustee L.D. Fitzgerald.

> L.D. Fitzgerald, Pocatello, Idaho, Chapter 7 Trustee.

### Background

After the Court granted Chapter 7 Trustee L.D. Fitzgerald's motion

to reopen Debtor Vicki Dougan's closed bankruptcy case to administer an

inheritance, Debtor amended her schedules to claim a homestead exemption in a

house devised to her and her sisters under her mother's will.  Docket No. 16.  On

August 15, 2005, Trustee filed an objection to Debtor's claim of exemption.

MEMORANDUM OF DECISION - 1

Docket No. 17. Trustee's argument is twofold. First, he argues Debtor should not

be allowed to amend her schedules and assert the exemption after reopening

because it would result in prejudice to the bankruptcy estate. Second, as a devisee

under her mother's will, which remains in probate, Trustee contends Debtor does

not "own" the house for purposes of Idaho Code § 55-1001, a prerequisite to

establishing a valid homestead and corresponding exemption.

The Court conducted a hearing on Trustee's objection on February

14, 2006, at which the parties presented evidence and testimony. Minutes, Docket

No. 32. The parties also submitted post-hearing briefs. Docket Nos. 33, 34. After

taking the issues under advisement and carefully considering the evidence,

arguments and relevant legal authorities, the Court concludes that Debtor is

entitled to exempt the house as a homestead. This Memorandum constitutes the

Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

### Facts

Debtor filed her Chapter 7 case on April 9, 2004. Docket No. 1. Her

case was closed as a no asset case on July 16, 2004. Docket No. 6. Debtor's

schedule A indicated she had no interest in any real property. Docket No. 1.

Upon learning from a third party that Debtor may have had a

prepetition interest in an inheritance, Trustee moved to reopen the case on October

MEMORANDUM OF DECISION - 2

28, 2004.  Docket No. 7.  The motion was granted by order entered on November

5, 2004.  Docket No. 9.  Several months later Debtor amended her schedules,

disclosing that she held a one-third interest in a house inherited from her mother,

and claiming that house exempt as a homestead.  Am. Schedules A, C, Docket No.

16.[1]

        It seems that after Debtor's father died in 1971, her mother had

become the record owner of the family's house and farm encompassing eighty-

seven acres.  Debtor testified that her mother passed away in September 1995,

leaving a will devising all of her estate in equal undivided shares to her three

daughters.  Ex. 1.  The will was admitted to informal probate in state court on

September 11, 1996, and Debtor's sister, Sherrie Robison, was appointed personal

representative.  The will does not specifically mention the house and farm, but

Debtor testified that the real estate was her mother's only asset.  She believes that

her mother may also have had a 25% interest in her grandparents' probate estate.

Neither her mother's nor her grandparents' probate estate have been administered,

and no distributions have been made from these estates.

        According to Debtor, her mother had given her permission to live in

---

[1] Debtor attempted to amend her schedules on May 6, 2005, Docket No. 12, but
the schedules filed were blank.  It was clear, however, from the docket entry that the
error was unintentional, since the docket text indicated she intended to list her interest in
her mother's estate.

MEMORANDUM OF DECISION - 3

the house.  Debtor has lived there continuously since March 1995 with her children

and grandchildren.  She considers the house to be her home and intends to remain

there.  She owns no other real property.  Her mother's probate estate pays the real

estate taxes and expenses associated with the farm by renting out the sixty-five

farmable acres.  It is Debtor's understanding that no money remains from the rent

proceeds after the expenses are paid.  Debtor believes the value of the house is

currently $18,900.  Am. Sched. C, Docket No. 16.  However, she testified that one

party has offered as much as $75,000 for all of the property.  She claims the

maximum statutory exemption amount of $50,000.  Am. Sched. C, Docket No. 16.

As for why she failed to list her interest in the house in her original

schedules,  Debtor testified she was unaware she was required to do so.  However,

Debtor insists she never attempted to conceal the fact she lived in the house.  She

testified that she explained to Trustee at her § 341 meeting that she was living in

an "estate house of her mother's," and that "she didn't own it."  She believes the

record title to the farm is still in her mother's name.

### Disposition

### A.    Debtor May Amend Her Schedules.

Trustee argues that Debtor should not be permitted to amend her

schedules to claim an exemption after such a long delay, and that to allow an

MEMORANDUM OF DECISION - 4

amendment and exemption now is prejudicial to the bankruptcy estate and Trustee.

Fed. R. Bankr. P. 1009(a) provides that a debtor may amend her schedules "at any time before the case is closed." The Ninth Circuit Bankruptcy Appellate Panel has held that, for the purpose of filing an amendment to schedules, "there is no difference between an open case and a reopened case," and that a debtor in a reopened case did not need the court's permission to amend. *In re Goswami*, 304 B.R. 386, 393 (BAP 9th Cir. 2003).

Nevertheless, the fact that a debtor in a reopened case may amend her schedules and claim additional exemptions does not mean she has an absolute right to amend. *In re Goswami*, 304 B.R. at 393; *In re Hamilton*, 93 I.B.C.R. 227, 229 (Bankr. D. Idaho 1993). The liberal policy in favor of allowing amendments must give way when the debtor has acted in bad faith or where creditors will be prejudiced by the delay in claiming the exemption. *In re Goswami*, 304 B.R. at 393; *In re Hamilton*, 93 I.B.C.R. at 229. But "[s]imple delay in filing an amendment . . . does not alone prejudice creditors." *In re Arnold*, 252 B.R. 778, 787 (BAP 9th Cir. 2000) (quoting *In re Andermaher*, 30 B.R. 532, 534 (BAP 9th Cir. 1983)). Prejudice is shown when creditors suffer an actual economic loss due to the debtor's delay in claiming her exemptions. *In re Arnold*, 252 B.R. at 787.

Trustee has not shown here that Debtor acted in bad faith or that her

MEMORANDUM OF DECISION - 5

creditors will be economically prejudiced by her delay in asserting her exemption

claim.   Debtor exhibited no ill motive in failing to disclose her inheritance sooner.

While misinformed, she did not believe she owned an interest in the house, and

was frank about describing her living arrangements at the § 341 meeting of

creditors.  It appears that the information concerning the nature and extent of

Debtor's inheritance and her living arrangements was available all along had

someone thought to ask Debtor to produce it.

Once the bankruptcy case was reopened, Debtor promptly amended

her schedules.  And while Trustee may be prejudiced in the sense that he now feels

compelled to litigate this issue, he has not demonstrated how there will be any

appreciable economic harm to Debtor's creditors if the exemption is allowed.  Her

bankruptcy estate was identified by the Trustee as a no asset case.  Allowing

Debtor to amend her schedules and claim the exemption will not change that

situation.  This scenario is unlike the facts in *Hamilton*, where the Court found the

estate was prejudiced by a debtor who amended her schedules to claim the

recovery from a lawsuit exempt only after the trustee and creditors had spent

considerable time and money negotiating the settlement of the case.  Here,

Debtor's creditors had no expectation of a distribution from the estate, and the

trustee has expended no estate funds pursuing recovery of Debtor's interest in the

MEMORANDUM OF DECISION - 6

house.  The Court concludes there is little if any prospect for prejudice to the

bankruptcy estate if the amended exemption claim is allowed.

> **B.     Debtor is an "Owner" of the Homestead and May Claim the Exemption.**

In Idaho, to determine a debtor's bankruptcy exemptions, the Court

looks to state law.  11 U.S.C. § 522(b); Idaho Code § 11-609.  Under Idaho law, a

debtor may claim a homestead exemption in real property.  Idaho Code §§ 55-

1001–1011; *In re Koopal*, 226 B.R. 888, 890, 98.4 I.B.C.R. 98, 99 (Bankr. D.

Idaho 1998); *In re Millsap*, 122 B.R. 577, 579, 91 I.B.C.R. 5, 7 (Bankr. D. Idaho

1991).  The Court liberally construes the homestead statutes in favor of the debtor.

*In re Steinmetz*, 261 B.R. 32, 32, 01.1 I.B.C.R. 28, 28 (Bankr. D. Idaho 2001);

*Koopal*, 226 B.R. at 890;  *In re Peters*, 168 B.R. 710, 711, 94 I.B.C.R. 44, 44

(Bankr. D. Idaho 1994).  The amount of the homestead exemption may not exceed

the lesser of the net value of the land, or $50,000.  Idaho Code § 55-1003.  The

objecting party carries the burden of proving that exemptions are not properly

claimed.  Fed. R. Bankr. P. 4003(c).

One of the prerequisites to qualify for an Idaho homestead

exemption is ownership, since a "homestead" is defined as the "dwelling house or

the mobile home in which the owner resides . . . ."  Idaho Code § 55-1001(2).  The

definition of "owner" under the statutes includes, "but is not limited to, a purchaser

MEMORANDUM OF DECISION - 7

under a deed of trust, mortgage, or contract, or a person who takes the subject

property under a life estate." Idaho Code § 55-1001(4). For the exemption to

attach automatically without the need of a written declaration, the property must be

"occupied as a principal residence by the owner." Idaho Code § 55-1004(1). In

this case, it is undisputed that Debtor has lived in the house she claimed as her

homestead since 1995, and that she had no other qualifying homestead or unusual

living circumstances. Therefore, the automatic homestead exemption is available

to Debtor. Thus, the crucial question is whether Debtor "owned" the house in

which she was living for purposes of claiming the exemption.

Under remarkably similar facts, the Court has decided a debtor may

appropriately claim the exemption when the debtor's ownership rights flowed from

the occupation of a house devised under a will. In *In re Fullerton*, 92 I.B.C.R. 22

(Bankr. D. Idaho 1992), the debtor and her brother had been devised equal,

undivided interests in their mother's residence under the terms of a will. The

debtor was granted permission by her brother to live in the house. On the date of

the debtor's bankruptcy, the will was still in probate, record title was in the name

of the deceased, and no distributions been made from the probate estate.

The Court in *Fullerton* held that the debtor's possessory interest, in

addition to her equitable interest in the property as derived from the will, were

MEMORANDUM OF DECISION - 8

sufficient to meet the homestead exemption statute's ownership requirement. *In re Fullerton*, 92 I.B.C.R. at 22. Looking to the Uniform Probate Code,[2] the Court concluded that the personal representative of a probate estate has a fiduciary duty to settle and distribute the property of the estate according to the terms of the will. *Id. See also* Idaho Code § 15-3-703. The personal representative has the right to possess any real property of the estate, but may leave it "with the person 'presumptively entitled to it,' unless it is believed the property will be necessary in the administration of the estate." *Id.* (citing Idaho Code § 15-3-709). The fact that the estate remained in probate and the deed was never executed did not, in the Court's view, defeat the debtor's claim to a homestead exemption considering that there was no evidence the debtor contributed to the delay in distribution of the estate or in effecting a transfer of ownership by way of a deed. *Id.* at 23.

There is no reason present here to stray from the conclusion reached by the Court in *Fullerton*. Debtor has occupied the home continuously as her principal residence since 1995. She was bequeathed an undivided one-third interest in the house under her mother's will, and was living in the home with her late-mother's permission. While the evidence does not reveal why the land and

---

[2] The Uniform Probate Code has not undergone any major revisions to the cited sections from the time *Fullerton* was decided up to the date of Debtor's mother's death in 1995.

MEMORANDUM OF DECISION - 9

house have not been deeded out of probate to the sisters, there is no showing that

Debtor has contributed in any way to the delay.  As in *Fullerton*, and construing

the statute liberally in her favor, Debtor's possessory interest, along with her

equitable interest in the house and acreage under her mother's will, is sufficient to

constitute "ownership" for purposes of Idaho Code § 55-1004(1).  Since the

highest value attributed to the property in the record is $75,000, presumably

Debtor's maximum share would not exceed $25,000.  Accordingly, Debtor's

interest in the house and land is exempt as a homestead under Idaho Code § 55-

1003.

### Conclusion

For these reasons, Trustee's Objection to Debtor's Claim of

Exemption in her homestead, Docket No. 17, will be overruled by separate order.

Dated: March 29, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 10